UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


WILLIAM CASIVANT #304074      )
                                               )
v.                                  )      NO. 2:05-CV-45
                                             )
ROGER GENTRY, KATHY TERRILL,   )
ED VANOVER,  PAT WISEMAN,     )
TIM COHMER, AMANDA COLEMAN,  )
and BARB HATHAWAY          )


## MEMORANDUM and ORDER


*Pro se* prisoner William Casivant brings this civil rights complaint under 42 U.S.C. § 1983, against seven defendants, all of whom are officials, officers or medical care providers at the Johnson County Jail in Mountain City, Tennessee, where the plaintiff is confined.

In his complaint, the plaintiff alleges that he suffers from major respiratory problems, including blisters on his lungs, "Bullous"disease, asthma, bronchitis, and emphysema; that he passed out three times on February 5, 2005—at 10:00 a. m., at 1:00 p.m., and at 7:30 p.m., respectively; and that, though he asked for medical attention following each episode and though he sustained injuries to his head, neck, and back and had pain in his lungs and a "pins and needles feeling" in both legs, he was denied appropriate medical care.  He further alleges that he was told that he could see a doctor the next day, but has yet to see a physician.

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner must administratively exhaust his claim as to each defendant associated with his claims. *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir.2003); *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

The plaintiff asserts, in paragraph II of his complaint, that the Johnson County Jail has a grievance procedure; that he filed grievances (addressed?) to the Chief Jailer and the Sheriff, as well as the head of the medical staff; and that he did not receive any response. However, he has not made attached a copy of his grievance not made "particularized averments" to show that he named the seven persons in his grievances who are now identified as defendants in his federal lawsuit.

2

Because the plaintiff has the burden of showing that he has exhausted his administrative remedies with respect to each claim and defendant associated with the claim and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies. *See Williams v. Overton*, 2005 WL 1513102, *3 (6th Cir. June, 22, 2005).

ENTER:

s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE